

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | /s/ Darrah |
|---|---|---|---|
| **CASE NUMBER** | 11 C 984 | **DATE** | 4/19/12 |
| **CASE TITLE** | Mattern v. Panduit | | |

### DOCKET ENTRY TEXT

Plaintiff's Motion to Lift Seal [20] is granted. The parties are ordered to file all future filings publicly.

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

Plaintiff, Angela Mattern, has filed a Complaint, alleging sex discrimination and harassment against Defendant Panduit Corp. ("Panduit"). Mattern has filed a Motion to Lift Seal, in which she moves to lift the temporary seal as to all future filings in this case. Panduit opposes the Motion. On February 16, 2011, Panduit filed an Emergency Motion to Place Court Files Under Seal, which the Court granted by directing the Clerk "to seal this entire case file until further order of the Court." (Dkt. No. 13.) On May 26, 2011, Mattern filed a Motion to Lift Seal, which was denied. At the status hearing on January 26, 2012, the issue of whether this case should remain under seal was raised again.

The Seventh Circuit discourages the sealing of entire pleadings and briefs. *See, e.g., Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995) (*Redmond*); *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992). The Court of Appeals ruled that "holding trade secrets in confidence is one thing, holding entire judicial proceedings in confidence quite another." *Redmond*, 46 F.3d at 31. However, Federal Rule of Civil Procedure 26(c) allows court materials to be sealed upon a showing of good cause. Fed. R. Civ. P. 26(c). Once a protective order is entered, a party must *continue* to show good cause for confidentiality when challenged. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). If a party does not show good cause to justify the ongoing concealment of certain information, the protective order may be dissolved or modified to unseal that information. *Id.*

Panduit has not shown good cause to justify the ongoing sealing of materials in this case. Since the Court granted Panduit's motion to seal the materials in this case, Mattern has filed a Second Amended Complaint. Mattern argues that the Second Amended Complaint removes the content from the original and First Amended Complaints that prompted the case to be sealed, which consisted of confidential health information relating to Martin Caveney, the son of the owner and founder of Panduit, Jack Caveney.

Panduit argues that the allegations in Mattern's Second Amended Complaint continue to be "predicated on highly personnel [sic] allegations involving non-parties to this litigation," including

| STATEMENT |
|---|

Jack Caveney's family. (Resp. ¶ 7.) Panduit concedes that the Second Amended Complaint "omits some of the allegations from the original Complaint pertaining to the health status of certain non-parties." (*Id.* ¶ 9.) However, Panduit argues the Second Amended Complaint still contains allegations regarding "highly personal matters of a sexual nature" involving third parties. (*Id.*) Although Panduit is not specific, Panduit presumably refers to allegations concerning Martin Caveney and perhaps Joe Rocci, Jack Caveney's son-in-law.

Panduit's arguments are not persuasive for several reasons. Joe Rocci is an employee of Panduit. In addition, Martin Caveney, according to Mattern, is an employee and member of Panduit's Board. (Reply at 4.) Even if Martin Caveney is not an employee, for Panduit to cast him as a "third party" that is uninvolved in this case is not accurate. Mattern alleges *quid pro quo* sexual harassment, and Mattern's allegations relating to Martin Caveney and Rocci are directly relevant to her claim. Panduit cites two cases, neither of which are factually similar, from this Circuit to support its argument that the "personal information of non-parties" may be sealed. (Resp. ¶ 8 (citing *Smith v. City of Chicago*, No. 04 C 7210, 2005 WL 3215572, at *2 (N.D. Ill. Oct. 31, 2005) (*Smith*); *Gehring v. Case Corp.*, 43 F.3d 340, 432 (7th Cir. 1994) (*Gehring*)).) In *Smith*, the court allowed sensitive personnel information of non-parties (such as social security numbers, home addresses, and telephone numbers) to be placed under seal. *Gehring* did not involve the placing under seal of any materials, but the court noted, similar to *Smith*, that the disclosure of *personnel* files of non-party employees was not appropriate.

Sensitive personnel information is not at issue here. Nor at issue is highly confidential trade secrets or highly sensitive medical information; any sensitive medical information has been omitted from the Second Amended Complaint. Here, the allegations involving Martin Caveney and Rocci are relevant to Mattern's sexual discrimination and harassment claims. Panduit has not shown good cause to justify the ongoing concealment of future filings in this case. Accordingly, Mattern's Motion to Lift Seal is granted; the parties are ordered to file all future filings publicly.